UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT W. RAULERSON,

                Petitioner,

v.                                  Case No. 3:03-cv-538-J-99MMH

STATE OF FLORIDA, et al.,

                Respondents.

_____

## **ORDER**

### **I. Status**

On June 25, 2003, Petitioner Robert W. Raulerson, who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254. He challenges his 1997 state court (Duval County, Florida) conviction for criminal mischief, leaving the scene of an accident with property damage, aggravated assault on a law enforcement officer and aggravated fleeing and attempting to elude on the following grounds: (1) ineffective assistance of trial counsel for failure to investigate, explore and develop the voluntary intoxication

defense; (2) ineffectiveness for counsel's failure to conduct a proper pretrial investigation and present defense witnesses to support the voluntary intoxication defense; (3) ineffectiveness for counsel's failure to object to the State's amending the Information; and, (4) ineffectiveness for counsel's failure to object to the admission of collateral evidence concerning Petitioner's use of a stolen vehicle.

Respondents filed an Answer to Petition for Writ of Habeas Corpus (Doc. #7) (hereinafter Response).  In support of their contentions, they submitted exhibits.[1]  Petitioner has filed a Reply (Doc. #9).  This case is now ripe for review.

## II. Procedural History

On April 28, 1997, Petitioner was charged by Information with two counts of aggravated assault on a law enforcement officer, aggravated fleeing or attempting to elude a police officer, criminal mischief, leaving the scene of an accident and reckless driving.  Ex. A.  On August 14, 1997, the State amended the Information to add a second charge of leaving the scene of an accident and to delete the reckless driving count.  Ex. C.

On August 21, 1997, the trial court granted Petitioner's pretrial motion in limine to prohibit the State from introducing evidence relating to or testimony that the vehicle Petitioner was

---

[1] This Court will hereinafter refer to Respondents' exhibits as "Ex."

driving was a stolen vehicle.  Ex. D; Ex. E.  Petitioner, after a jury trial, was convicted of criminal mischief, aggravated fleeing and attempting to elude, two counts of aggravated assault on a law enforcement officer, and two counts of leaving the scene of an accident.  Ex. G, Transcript of the Jury Trial (hereinafter Tr.) at 266-67; Ex. H.

The trial court classified Petitioner Raulerson as a habitual felony offender and sentenced him to fifteen (15) years of incarceration on the two counts of aggravated assault on a law enforcement officer, five (5) years of incarceration for the criminal mischief and aggravated fleeing and attempting to elude and one (1) year for each count of leaving the scene of the accident, all to run concurrently.  Ex. I at 16; Ex. J; see http://www.dc.state.fl.us/ActiveInmates (website for the Florida Department of Corrections).

On appeal, Petitioner raised the following claim:  the trial court erred in denying Petitioner's motions for judgment of acquittal because the evidence presented was insufficient to sustain the convictions for aggravated assault on a law enforcement officer.  Ex. M.  The State filed an Answer Brief.  Ex. N.  On September 22, 1998, the appellate court per curiam affirmed without a written opinion.  Raulerson v. State, 720 So.2d 521 (Fla. 1st DCA 1998); Ex. O.  The mandate issued on October 8, 1998.  Ex. P.

On September 13, 1999, Petitioner filed a motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850, raising the following claims: (1) ineffective assistance of trial counsel for failure to develop an intoxication defense or to investigate, explore or bring forward the medical records and expert testimony; (2) ineffective assistance of trial counsel for failure to object to the State's amended Information which dropped the reckless driving charge; (3) ineffective assistance of trial counsel for failure to conduct a proper pretrial investigation and present witnesses at trial regarding the history of his substance abuse; and, (4) ineffective assistance of trial counsel for failure to object to the State's misleading and prejudicial testimony (Officer Gainey's testimony concerning the stolen vehicle). Ex. Q. After an evidentiary hearing (Ex. R, Transcript of the Evidentiary Hearing (hereinafter EH Tr.)), the trial court denied the motion for post conviction relief on May 13, 2002. Ex. S. On June 10, 2002, Petitioner's motion for rehearing was denied. Ex. T; Ex. U.

On April 22, 2003, the appellate court per curiam affirmed without a written opinion. <u>Raulerson v. State</u>, 847 So.2d 462 (Fla. 1st DCA 2003); Ex. Z. The mandate issued on June 17, 2003. Ex. BB.

As previously noted, Petitioner initiated this action in this Court on June 25, 2003. This action was timely filed within the

one-year limitation period for filing section 2254 petitions.  <u>See</u>
28 U.S.C. § 2244(d)(1); Response at 6-7.

### III. EVIDENTIARY HEARING

This Court has carefully reviewed the record and, for the
reasons set forth more fully below, concludes Petitioner is not
entitled to an evidentiary hearing.  A habeas corpus petitioner is
entitled to an evidentiary hearing in federal court if he alleges
facts which, if proven, would entitle him to habeas corpus relief.
<u>Smith v. Singletary</u>, 170 F.3d 1051, 1053-54 (11th Cir. 1999)
(citation omitted); <u>Cave v. Singletary</u>, 971 F.2d 1513, 1516 (11th
Cir. 1992) (citing <u>Townsend v. Sain</u>, 372 U.S. 293 (1963)).  Here,
the pertinent facts of the case are fully developed in the record
before the Court.  <u>Smith</u>, 170 F.3d at 1054 (stating that a district
court does not need to conduct an evidentiary hearing "if it can be
conclusively determined from the record that the petitioner was not
denied effective assistance of counsel").  No evidentiary
proceedings are required in this Court.  <u>High v. Head</u>, 209 F.3d
1257, 1263 (11th Cir. 2000) (citing <u>McCleskey v. Zant</u>, 499 U.S.
467, 494 (1991)), <u>cert</u>. <u>denied</u>, 532 U.S. 909 (2001).

### IV.   STANDARD OF REVIEW

On April 24, 1996, the President signed into law the
Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-
132, 110 Stat. 1214 (hereinafter AEDPA).  Since this action was
filed after the effective date of AEDPA, the Court will analyze

5

Petitioner's claims under 28 U.S.C. § 2254(d), as amended by AEDPA. Nelson v. Alabama, 292 F.3d 1291, 1294-95 (11th Cir. 2002), cert. denied, 538 U.S. 926 (2003); Fugate v. Head, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), cert. denied, 535 U.S. 1104 (2002); Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).

The Eleventh Circuit has described the standard of review under AEDPA:

> Title 28 U.S.C. § 2254 governs the authority of the federal courts to consider applications for writs of habeas corpus submitted by state prisoners. Section 2254 was amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), which was effective as of April 24, 1996. AEDPA applies to all petitions filed after its effective date. . . .
>
> AEPDA "places a new constraint on a federal habeas court's power to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court" by establishing a deferential standard for reviewing state court judgments in these cases. Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). Subsection (d) of § 2254 provides:
>
> > (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> 28 U.S.C. § 2254(d)(1)-(2).
>
> > AEDPA also makes clear that substantial deference is to be accorded a state court's findings of fact. Section 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Henderson v. Campbell, 353 F.3d 880, 889-891 (11th Cir. 2003) (footnote omitted), cert. denied, 125 S.Ct. 44 (2004).

Clearly, the new 28 U.S.C. § 2254(d) creates a more deferential standard for federal court review of state court adjudications: "[u]nless a state court decision is directly contrary to Supreme Court case law, we review state court findings of fact and conclusions of law for reasonableness." Van Poyck v. Florida Dep't of Corr., 290 F.3d 1318, 1321 (11th Cir. 2002) (per curiam), cert. denied, 537 U.S. 812 (2002), 537 U.S. 1105 (2003); Mitchell v. Esparza, 540 U.S. 978 (2003) (per curiam) (holding that the Ohio Court of Appeals' decision was not "contrary to" or an "unreasonable application" of clearly established federal law and

7

stressing "the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)").

The "contrary to" and "unreasonable application" clauses have independent meaning and provide separate bases for federal habeas review:

> "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13, 120 S.Ct. at 1523 (O'Connor, J., concurring). The "contrary to" clause "suggests that the state court's decision must be substantially different" from the controlling legal precedent. Fugate v. Head, 261 F.3d 1206, 1216 (11th Cir. 2001), cert. denied, --- U.S. ---, 122 S.Ct. 2310, 152 L.Ed.2d 1065 (2002) (quoting Williams, 529 U.S. at 405, 120 S.Ct. at 1519). A state court's decision that applies the correct legal rule would not fit within the "contrary to" clause even if the federal court might have reached a different result relying on the same law. See Williams, 529 U.S. at 404-06, 120 S.Ct. at 1519-20 (O'Connor, J., concurring).

> . . . .

> "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 414, 120 S.Ct. at 1523 (O'Connor, J., concurring). In deciding this issue, the federal court should consider whether the state court's application of the law was objectively unreasonable and should not apply the subjective "all

> reasonable jurists" standard. _Id_. at 409-10,
> 120 S.Ct. at 1521-22. The Supreme Court
> recently adhered to its pronouncements in
> _Williams_, stating that "we stressed in
> _Williams_ that an unreasonable application
> is different from an incorrect one." _Bell v.
> Cone_, 535 U.S. 685, 122 S.Ct. 1843, 1850, 152
> L.Ed.2d 914 (2002). The Court further noted
> that "a federal habeas court may not issue a
> writ under the unreasonable application clause
> 'simply because that court concludes in its
> independent judgment that the relevant state-
> court decision applied clearly established
> federal law erroneously or incorrectly.'" _Id_.
> (quoting _Williams_, 529 U.S. at 411, 120 S.Ct.
> at 1522 (O'Connor, J., concurring)).

_Wellington v. Moore_, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

The Eleventh Circuit has addressed the application of the "contrary to" clause in reviewing a state court adjudication:

> In applying the "contrary to" prong of
> AEDPA, we have recognized that where no
> Supreme Court precedent is on point, "we
> cannot say that the state court's conclusion
> . . . is contrary to clearly established
> Federal law as determined by the U.S. Supreme
> Court." _McIntyre v. Williams_, 216 F.3d 1254,
> 1258 (11th Cir. 2000).

_Washington v. Crosby_, 324 F.3d 1263, 1265 (11th Cir.), _cert_. _denied_, 540 U.S. 965 (2003).

Under 28 U.S.C. § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Furthermore, AEDPA "also directs that a presumption of correctness be afforded factual findings of state courts, which may be rebutted only by

clear and convincing evidence.  See id. at § 2254(e)(1).  This presumption of correctness applies equally to factual determinations made by state trial and appellate courts."  Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.  Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003).  Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under the new § 2254(d).

## V. Ineffective Assistance of Trial Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense."  Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted).  "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'"  Rompilla v. Beard, 125 S.Ct.

10

2456, 2462 (2005) (citations omitted).  If counsel's performance falls "below the line of reasonable practice, there is a further question about prejudice, that is, whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  Id. at 2467 (citation omitted).

The Eleventh Circuit has captured the essence of an ineffectiveness claim:

> [A] petitioner must show that his lawyer's performance fell below an "objective standard of reasonableness" and that the lawyer's deficient performance prejudiced the petitioner. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  Establishing these two elements is not easy:  "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).
>
> For assessing a lawyer's performance, Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000) (en banc) cert. denied, 531 U.S. 1204, 121 S.Ct. 1217, 149 L.Ed.2d 129 (2001), sets out the basic law: "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. at 1314 (internal marks omitted). . . . Our role in reviewing an ineffective assistance claim is not to "grade" a lawyer's performance; instead, we determine only whether a lawyer's performance was within "the wide range of professionally competent assistance." See Strickland, 104 S.Ct. at 2066.

The inquiry into whether a lawyer has provided effective assistance is an objective one:  a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take."  <u>See Chandler</u>, 218 F.3d at 1315. . . .

A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high.  "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding.  Virtually every act or omission of counsel would meet that test."  <u>Strickland</u>, 104 S.Ct. at 2067.  Instead, a petitioner must establish that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given adequate assistance.  <u>See id</u>. at 2068.[2]

<u>Van Poyck</u>, 290 F.3d at 1322-23 (footnotes omitted).

In sum, "[w]ithout proof of both deficient performance and prejudice to the defense, . . . it could not be said that the sentence or conviction 'resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable,' and the sentence or conviction should stand."  <u>Bell v. Cone</u>, 535 U.S. 685, 695 (2002) (internal citation omitted) (quoting <u>Strickland</u>, 466 U.S. at 687).

---

[2] However, "when a defendant raises the unusual claim that trial counsel, while efficacious in raising an issue, nonetheless failed to preserve it for appeal, the appropriate prejudice inquiry asks whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved."  <u>Davis v. Sec'y for the Dep't of Corr.</u>, 341 F.3d 1310, 1316 (11th Cir. 2003) (per curiam) (citation omitted).

## VI. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Petitioner claims ineffectiveness for trial counsel's failure to investigate, explore and develop the voluntary intoxication defense. Petitioner raised this claim (as ground one) in his motion for post conviction relief in state court, and the trial court adjudicated the claim on the merits. After an evidentiary hearing, the trial court, in denying the claim, identified the two-pronged test established in Strickland and stated, in pertinent part:

> In Defendant's first ground for relief, he asserts that his counsel rendered ineffective assistance by failing to develop a voluntary intoxication defense or "to investigate, explore or bring forward Defendant's medical records" despite Defendant's repeated requests to do so. During the high speed chase in which Defendant was attempting to elude the police, he was hit by one of the police officers, was injured and hospitalized. Defendant asserts that his medical records, specifically his blood tests, would have supported his defense of voluntary intoxication and that his counsel was ineffective for failure to obtain and use these records at trial. In addition, Defendant contends that his counsel rendered ineffective assistance by misadvising him that voluntary intoxication is not a defense to aggravated assault on a law enforcement officer. Finally, Defendant alleges that counsel was ineffective by failing to request a jury instruction regarding voluntary intoxication.

> At trial a portion of the defense theory, as evidenced by opening statements and closing arguments, consisted of attempting to

challenge the State's position that Defendant possessed the requisite intent to commit the offense which he was charged with. (Exhibit "C," pages 22, 202-218, 240-246.) In fact counsel argued the following during closing,

> Officer Kenney testified when he gets up to the Defendant he's covered with alcohol. And the car is covered with alcohol. But it's his belief, Officer Kenney's belief, that he hadn't been drinking, Officer Kenney's belief, that he hadn't been drinking [sic]. It's all over. He's covered with it. The car is covered with it. But he wants you to think that the way that he was driving was not that of a DUI driver and that Mr. Raulerson hadn't been drinking. No. That's ludicrous.

(Exhibit "C," page 215.)

> And you are entitled to use your common sense as to what evidence is best evidence. The reliable evidence. Whether or not someone who has been in that kind of an accident, who we know suffered a head injury, had the ability to – was covered with alcohol, although it's not in evidence, but he's covered with it, – whether or not that individual can formulate the intent to flee. And if he does flee the accident, it's by 15 feet from the car door.

(Exhibit "C," page 217.)

> Beyond and to the exclusion of every reasonable doubt each and every element. And, as I told you, and I will tell you again, they haven't proven intent. They don't have a crystal ball. They don't have an EKG. But more importantly, they

14

> don't have any facts.   They don't
> have any facts.

(Exhibit "C," page 246.)

The record clearly established that defense counsel did, in fact, attempt to use evidence of Defendant's intoxication at the time of the offenses to argue to the jury that the State had not proven the elements against Defendant based upon that intoxication. Defendant, therefore, is unable to show prejudice as the jury was provided with the theory that Defendant did not commit the offenses due to his intoxication, which is a far more palatable argument for the jury to accept than the voluntary intoxication defense, an *affirmative* defense in which Defendant *admits* that he committed the offense and then proves that he was so mentally incapacitated that he was incapable of forming the intent necessary to commit the offenses. <u>Linehan v. State</u>, 476 So.2d 1262 (Fla. 1985).

Moreover, Defendant's trial counsel, Mr. Francis Shoemaker, Esquire, testified at the evidentiary hearing that he and Defendant had lengthy conversations regarding Defendant's "prior use of alcohol and his use of alcohol that night as well as drugs." (April 15, 2002, Transcript, pages 7-8.) Mr. Shoemaker testified that he considered the defense of voluntary intoxication but that he did not consider it to be a viable defense. (April 15, 2002, Transcript, pages 8-9, 11-12.) Specifically, Mr. Shoemaker testified that he did not think that the voluntary intoxication defense would have worked

> [b]ecause the crimes that he was charged with and the facts that he was involved with specifically are very lengthy high speed automobile chase in northern Jacksonville would not lend to argument or at least acceptance by a jury that my client was too impaired to formulate an intent to do anything.

15

(April 15, 2002, Transcript, page 8.)   Mr. Shoemaker, further, testified that:

> My experience is that if you stand before a jury in this county and admit alcohol consumption and particularly if you admit drug use and you have a fact pattern that we have, which to my belief didn't amount to the point of them being able to find he was so impaired he couldn't formulate a thought process, I think you're just digging your own hole. Our county is not very merciful in that regard.

(April 15, 2002, Transcript, page 12.)

This Court specifically finds that Mr. Shoemaker's testimony was both more credible and more persuasive than Defendant's allegations. Laramore v. State, 699 So.2d 846 (Fla. 4th DCA 1997). Further, this Court finds that Mr. Shoemaker made a tactical decision not to present the defense of voluntary intoxication, which does not amount to ineffectiveness. Songer v. State, 419 So.2d 1044 (Fla. 1982); Gonzalez v. State, 579 So.2d 145, 146 (Fla. 3d DCA 1991) ("Tactical decisions of counsel do not constitute ineffective assistance of counsel."). Accordingly, this Court finds that Defendant has failed to establish error on the part of Mr. Shoemaker or prejudice to his case.

Defendant also contends in Claim One that defense counsel was ineffective by failing to request a jury instruction for voluntary intoxication. Defendant's claim is meritless. Defendant was not entitled to a jury instruction of the defense of voluntary intoxication even if the offense was a specific intent crime, because the evidence showed only *use* of intoxicants, *not* intoxication. Such evidence is insufficient to warrant a jury instruction of voluntary intoxication. Linehan; Goodwin v. State, 734 So.2d 1057 (Fla. 1st DCA 1998). The evidence

16

only demonstrated that the Defendant's car
reeked of beer, that Defendant was "slippery"
(Defendant was not wearing a shirt at [the]
time of his arrest) upon arrest, and that
Defendant was weaving and driving recklessly
at high speeds, no doubt to escape the police
as they chased him in "hot pursuit." (Exhibit
"C," pages 175, 179-80.)    Furthermore,
Defendant attached portions of the transcript
in his Motion that *refutes* [sic] his assertion
that he was intoxicated at the time of the
offense.    The attached portion of the
transcript reveals that Officer Kenney
testified that he did not detect any smell of
alcohol on Defendant's breath upon arrest,
that Defendant did not exhibit any sign of
impairment, that he was walking well, that he
did not have any trouble with his speech, and
that he did not have trouble functioning in
any way. (Exhibit "C," page 178.)  As such,
this Court finds that Defendant was not
entitled to a jury instruction for the defense
of voluntary intoxication; thus, counsel
cannot be deemed ineffective for failure to
request such a jury instruction.

Ex. S at 2-6.

        As noted previously, upon Petitioner's appeal, the appellate

court per curiam affirmed the trial court's order.   Accordingly,

the claim was rejected on the merits by the state trial and

appellate courts.    Thus, there are qualifying state court

decisions.   This ground should be addressed applying the

deferential standard for federal court review of state court

adjudications, as required by AEDPA.  The Court must next consider

the "contrary to" and "unreasonable application" components of the

statute.  "It is the objective reasonableness, not the correctness

per se, of the state court decision that we are to decide."  Brown

v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001), cert. denied, 537 U.S. 978 (2002).

Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

As previously noted, an evidentiary hearing was conducted in state court with respect to this issue. At the evidentiary hearing, defense counsel testified that he had "lengthy conversations" with Petitioner and his family "regarding his prior use of alcohol and his use of alcohol that night and as well as drugs." EH Tr. at 8. Defense counsel stated, in preparing for trial, he considered voluntary intoxication to be a possible defense, but not a viable defense. Id. Defense counsel explained that the crimes Petitioner was charged with and the facts of the case, which involved a very lengthy high speed automobile chase in northern Jacksonville, "would not in my opinion lend to argument or at least acceptance by a jury that [Petitioner Raulerson] was too impaired to formulate an intent to do anything." Id.

Petitioner's ineffectiveness claim is without merit.   In evaluating the performance prong of the <u>Strickland</u> ineffectiveness inquiry, there is a strong presumption in favor of competence. Thus, Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose.   <u>United States v. Freixas</u>, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (citations omitted).

Defense counsel spoke with Petitioner about his intoxication and considered the voluntary intoxication defense, but decided that the jury would not believe it.   EH Tr. at 8, 10, 21.   Defense counsel testified that his theory of the case was that Petitioner did not have the intent to hurt the officers.   <u>Id</u>. at 29; Tr. at 218.   Given defense counsel's actions based on the record before this Court, defense counsel's performance was not deficient.

Even assuming *arguendo* deficient performance by defense counsel, Petitioner has not shown prejudice.   Under the prejudice prong of the inquiry, Petitioner "must affirmatively prove prejudice by showing that counsel's errors actually had an adverse effect on the defense." <u>United States v. Freixas</u>, 332 F.3d at 1320 (quotation omitted).   This showing requires "more than some conceivable effect on the outcome of the proceeding."   <u>Id</u>. (quotation omitted).   Here, Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that

Petitioner has alleged he should have provided.[3]   This ineffectiveness claim is without merit.  <u>See</u> Response at 13-15.

## B. Ground Two

As ground two, Petitioner claims ineffectiveness for failure to conduct a proper pretrial investigation and present defense witnesses to support the voluntary intoxication defense. Petitioner raised this claim (as ground three) in his motion for post conviction relief in state court, and the trial court adjudicated the claim on the merits.  After an evidentiary hearing, the trial court, in denying the claim, identified the two-pronged test established in <u>Strickland</u> and stated, in pertinent part:

> In Defendant's third ground for relief, he alleges that counsel rendered ineffective assistance by failing to present witnesses in support of his voluntary intoxication defense. Defendant avers that "Edwina and John Nettles, Dr. Krop and Dr. Neidigh and the Emergency Room personnel, and an array of mental health workers and other professionals who were prepared to testify regarding Defendant's history of substance abuse."
>
> Defendant's claim is insufficient, in that he fails to allege any prejudice.  In that Defendant asserts that "[e]mergency room personnel, and an array of mental health workers and other professionals . . . were prepared to testify regarding Defendant's *history* of substance abuse," this Court finds that even if such witness testimony were to be presented, Defendant's history of substance

_____

[3] Defense counsel testified that the defense of voluntary intoxication would not have benefitted Petitioner; and, if he had presented the defense of voluntary intoxication, the outcome of the trial would not have been different.  EH Tr. at 11, 30.

abuse does not constitute a defense of voluntary intoxication. Testimony regarding Defendant's *history* of substance abuse is not sufficient evidence to prove that the Defendant was so *intoxicated, at the time of the offense,* that he was completely unaware of what he was doing. <u>McKay v. State</u>, 715 So.2d 1001 (Fla. 1st DCA 1998). There is no reasonable probability that a jury would have acquitted Defendant if counsel had taken the case to trial using a [sic] voluntary intoxication as the defense. <u>Kennedy v. State</u>, 547 So.2d 912 (Fla. 1989).

Moreover, Mr. Shoemaker testified at the evidentiary hearing that he did not present witnesses on Defendant's behalf to testify that Defendant was intoxicated since he was not pursuing the defense of voluntary intoxication. (April 15, 2002, Transcript, page 12.) Accordingly, this Court finds that Mr. Shoemaker made a tactical decision not to pursue the witnesses that Defendant alleges would have supported the defense of voluntary intoxication, which does not amount to ineffectiveness. <u>Songer</u>; <u>Gonzalez</u>.

Ex. S at 7.

As noted previously, upon Petitioner's appeal, the appellate court per curiam affirmed the trial court's order. Accordingly, the claim was rejected on the merits by the state trial and appellate courts. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable

21

determination of the facts in light of the evidence presented in the state court proceedings.

As previously noted, an evidentiary hearing was conducted in state court with respect to this issue. At the evidentiary hearing, defense counsel testified that he had "lengthy conversations" with Petitioner and his family regarding his history of substance abuse and his use of alcohol that night. EH Tr. at 8, 17, 18. He explained that the family members were not present during the commission of the crimes[4] and would not have assisted in the defense. Id. at 22. Thus, while defense counsel knew Petitioner's history of substance abuse and believed that Petitioner had been drinking that day, he had "real doubt that [Petitioner] was too intoxicated to formulate any opinions or intent." Id. at 22-23.

In sum, Petitioner ineffectiveness claim is without merit. There is a strong presumption in favor of competence. Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose. Mr. Shoemaker knew enough about the case, the potential jury and Petitioner's drug and alcohol usage to make an informed decision as to which witnesses to call and which defense to pursue. It was reasonable for defense

---

[4] Mrs. Edwina Nettles Stem (Petitioner's mother) testified, at the evidentiary hearing, that she did not go to the scene of the crimes, but saw Petitioner earlier that afternoon. EH Tr. at 32, 38, 39, 42.

22

counsel, at the trial, to rely upon the testimony from the State witnesses who observed Petitioner's behavior and appearance during the commission of the crimes[5], rather than testimony from witnesses who saw Petitioner before and/or after the commission of the crimes.  Given defense counsel's actions based on the record before this Court, defense counsel's performance was not deficient.

Even assuming *arguendo* deficient performance by defense counsel, Petitioner has not shown prejudice.  Petitioner has not shown that counsel's errors actually had an adverse effect on the defense.  Here, Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided.  This ineffectiveness claim is without merit.  See Response at 15-17.

---

[5] During cross-examination, Officer Kenney testified that Petitioner "had beer all over him," and did not have a shirt on and was "very slippery."  Tr. at 175.  However, on redirect, he testified that he did not smell any alcohol on his breath and did not detect any sign of impairment.  Id. at 178.  Officer Kenney stated Petitioner "seemed to be able to walk pretty good with myself on his back and the other man on his leg" and that he did not have any trouble with his speech.  Id.  He concluded that Petitioner "drove that car pretty good."  Id.  On re-cross, Officer Kenney testified "I honestly with my experience -- I would not say that he was intoxicated at all."  Id. at 179.

## C. Ground Three

As ground three, Petitioner claims ineffectiveness for counsel's failure to object to the State's amending the Information.[6] Petitioner raised this claim (as ground two) in his motion for post conviction relief in state court, and the trial court adjudicated the claim on the merits. After an evidentiary hearing[7], the trial court, in denying the claim, identified the two-pronged test established in <u>Strickland</u> and stated, in pertinent part:

> In Defendant's second ground for relief, he avers that counsel rendered ineffective assistance by failing to object to the State's amended information on that [sic] basis that it failed to contain the charge of reckless driving, a charge Defendant asserts is a specific intent crime entitling him to the defense of voluntary intoxication. Defendant contends that since the charge of reckless driving was in the original information it should have remained on the amended information. Defendant also contends that counsel "based his defense on a reckless driving issue" despite that [sic] State's dropping the reckless driving charge against him.

---

[6] Petitioner was initially charged with two counts of aggravated assault on a law enforcement officer, aggravated fleeing or attempting to elude a police officer, criminal mischief, leaving the scene of an accident and reckless driving. Ex. A. Thereafter, the State amended the Information to add a second charge of leaving the scene of an accident and to delete the reckless driving count. Ex. C.

[7] The evidentiary hearing did not address this ground. The trial judge ruled that the state court evidentiary hearing would be conducted on grounds one, three and four only. EH Tr. at 6.

Initially, this Court will note that it is within the discretion of the State Attorney to file or drop charges against a defendant. Moreover, as aggravated assault is a specific intent crime the State was required to prove that Defendant possessed the specific intent to commit the crime. <u>Bartley v. State</u>, 689 So.2d 372 (Fla. 1st DCA 1997); <u>Lavin v. State</u>, 754 So.2d 784 (Fla. 3d DCA 2000).

Additionally, Defendant's assertion that defense counsel relied upon a reckless driving defense at trial is incorrect. At the close of the trial, defense counsel argued that Defendant lacked the intent to commit the offenses, and that the State had failed to carry its burden of proof. (Exhibit "C," pages 203-218, 240-246.)

Ex. S at 6-7.

As noted previously, upon Petitioner's appeal, the appellate court per curiam affirmed the trial court's order. Accordingly, the claim was rejected on the merits by the state trial and appellate courts. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Given defense counsel's actions based on the record before this Court, defense counsel's performance was not deficient. Defense counsel lacked a good faith basis to object to the amended

Information because the State was well within its discretion to file or drop charges against Petitioner. See Toledo v. State, 580 So.2d 335, 336 (Fla. 3rd DCA 1991) (recognizing prosecutorial discretion to file or drop charges against a defendant). Even assuming *arguendo* deficient performance by defense counsel, Petitioner has not shown prejudice. Here, Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided. This ineffectiveness claim is without merit.

### D. Ground Four

As ground four, Petitioner claims ineffectiveness for counsel's failure to object to the admission of collateral evidence concerning Petitioner's use of a stolen vehicle. Petitioner raised this claim (as ground four) in his motion for post conviction relief in state court, and the trial court adjudicated the claim on the merits. After an evidentiary hearing, the trial court, in denying the claim, identified the two-pronged test established in Strickland and stated, in pertinent part:

> In Defendant's fourth ground for relief, he alleges that counsel rendered ineffective assistance by failing to object to Officer Anthony Gainey's testimony in violation of Defendant's Motion in Limine. The Motion in Limine filed by Defendant and granted by the Court prohibited the State from introducing any evidence relating to or testimony mentioning that the car driven by Defendant was stolen. (Exhibit "D.") Officer Gainey,

26

one of the State's witnesses, responded to the
State's[8] questioning:

> Q:  Might you not consider it to be
>     [an] indication of someone's
>     impairment    the    way    Mr.
>     Raulerson was driving?
>
> A:  No, not really. *We can't risk
>     it with somebody that is
>     driving a stolen vehicle that
>     way.* [italics added]
>
> Q:  Stolen vehicle. All right. Is
>     it your testimony, sir, that
>     DUI drivers would never drive
>     at an excessive speed?
>
> A:  I can't say whether he would or
>     not.

(Exhibit "C," page 47.)  It is this Court's
finding that while defense counsel could have
properly objected to Officer Gainey's comment,
Defendant's claim is facially insufficient in
that he has not even alleged any prejudice,
i.e. that but for defense counsel's error, a
different outcome would have resulted at trial
in the form of an acquittal.  Strickland v.
Washington, 466 U.S. 668 (1984).

     Further, Defendant cannot show any
prejudice in light of all the evidence against
Defendant.  *Four* police officers, Officer
Gainey, Officer Guthrie, Officer Reagor, and
Officer Kenney, all testified at trial to
participating in the high speed chase in hot
pursuit of Defendant, and *all* four provided,
in detail, how the entire chase ensued.
(Exhibit "C," pages 23-37, 66-81, 106-15, 141-
61.)  All four police officers were also able
to positively identify the Defendant as the
culprit.  The chase occurred in this manner:

----

     [8] The trial transcript reflects that the colloquy ensued
during defense counsel's cross-examination of Officer Gainey.  Tr.
at 47.

Officer Gainey first spotted Defendant as he was speeding and attempted to pull him over; rather than stop, Defendant accelerated, drove through a chain link fence and straight into an above the ground pool. He proceeded to reverse his truck, backed out through the same fence, and continued to speed away when Officer Kenney began to chase him. Defendant attempted to hit Officer Kenney's car by driving head-on into Officer Kenney's car, but Officer Kenney ended up striking Defendant's car. Defendant then attempted to drive head-on into Officer Guthrie's car, and Officer Guthrie immediately reversed and successfully avoided a serious collision. Defendant drove away, and proceeded to slam into Thomas Warren, left the scene of the accident, and continued to speed in escape of the police officers who continue to chase him. He then slams into a stopped vehicle from behind, sending the vehicle to flip onto its roof in a ditch with two passengers inside it. With the truck immobile, Defendant then fled on foot, but was finally caught and arrested. (Exhibit "C," pages 15-18.) After being physically tackled by an unknown driver and Officer Kenney, he was subsequently arrested not more than ten feet from the crash site. (Exhibit "C," pages 146-47.) In sum, the evidence was such that, ". . . no rational jury could do anything but convict him." <u>State v. Oisorio</u>, 657 So.2d 4 (Fla. 3d DCA 1995.) [sic]

Moreover, Mr. Shoemaker testified at the evidentiary hearing that upon recollection, the fact that the car Defendant was driving was not developed beyond the Officer's inadvertent statement concerning the car. (April 15, 2002, Transcript, pages 14-15.) Further, Mr. Shoemaker testified that "the bell had been rung, I couldn't unring it." (April 15, 2002, Transcript, page 15.) Accordingly, this Court finds that Mr. Shoemaker may have reasoned that since the statement had already been made and he was attempting to develop another point, it was not wise to focus the jury on the Officer's statement. Additionally, this Court notes

> that even if Mr Shoemaker had objected, a
> curative instruction would not have eliminated
> the fact that the jury did hear the statement
> and such an instruction may have drawn more
> attention to the fact that the car was stolen.
> Accordingly, this Court finds that in light of
> the overwhelming evidence against Defendant,
> he has failed to establish error on the part
> of counsel or prejudice to his case.

Ex. S at 8-10.

As noted previously, upon Petitioner's appeal, the appellate court per curiam affirmed the trial court's order. Accordingly, the claim was rejected on the merits by the state trial and appellate courts. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

The record reflects the following. Prior to trial, defense counsel stated:

> The second one [motion in limine] is one
> of the police officers testified that he
> radioed the dispatcher with the tag number of
> my client's automobile and it came back stolen
> from Georgia. He has not been charged with
> that offense. I don't believe the State --
> they haven't elicited any evidence to verify
> that. I don't' think that they intend
> bringing it up.

29

Tr. at 8-9.  The prosecutor agreed that the State did not intend to bring that issue before the jury.  Id. at 9.  The trial judge granted the motion in limine.  Id.; Ex. D; Ex. E.  Although the prosecutor, at the trial, complied with the trial judge's ruling, defense counsel asked a question concerning Petitioner's driving impairment, and Officer Gainey (a State witness) responded:  "We can't risk it with somebody that is driving a stolen vehicle that way."  Tr. at 47.  Officer Gainey's statement was an unexpected response to a question that was intended to elicit testimony on the signs of impairment indicated by Petitioner's driving pattern. After Officer Gainey's remark, defense counsel continued with his questioning concerning DUI drivers and their driving patterns.

As previously noted, an evidentiary hearing was conducted in state court with respect to this issue.  Defense counsel affirmed that, after Officer Gainey's statement was made about the stolen vehicle, that point was not developed or explored at all beyond that one statement.  EH Tr. at 14.  The issue was not mentioned again in testimony or closing arguments.  Id. at 14-15.  While defense counsel did not have a recollection of what his thought process was about Officer Gainey's comment, he stated: "I suspect that I thought . . . that I would have just let it go and move along."  Id. at 15, 23-24.  At the evidentiary hearing, the judge acknowledged that Gainey's statement was not responsive to defense counsel's question:

> Although it was on cross examination it
> really wasn't in response to the question Mr.
> Shoemaker asked, he was trying to get him to
> say his driving pattern was consistent with
> being intoxicated and they just kind of
> blurted out well, you know, we don't worry
> about whether they're intoxicated if it's a
> stolen car.  Certainly wasn't an appropriate
> answer at the time.

Id. at 60-61.

There is a strong presumption in favor of competence.  Given defense counsel's actions based on the record before this Court, defense counsel's performance was not deficient.  Even assuming *arguendo* deficient performance by defense counsel, Petitioner has not shown prejudice.  Here, Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided.  This ineffectiveness claim is without merit.  See Response at 20.

Thus, for all of the above-stated reasons, the Petition will be denied, and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.    The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of September, 2005.

TIMOTHY J. CORRIGAN
United States District Judge

sc 9/19
c:
Robert W. Raulerson
Ass't Attorney General (Wilcox)

32